UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ALEJANDRO CARRILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL STEVEN, et al.,<br><br>    Defendants. | Case No. 23-cv-04046-JSW<br><br>**ORDER OF DISMISSAL; ON PENDING MOTIONS**<br><br>(ECF No. 3, 12) |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. Thereafter, he moved to amend the complaint and submitted a proposed amended complaint. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the case is DISMISSED for failure to state a claim upon which relief may be granted.

For good cause appearing, the motion to amend is GRANTED, and the amended complaint is the operative complaint. The motion for appointment of counsel is DENIED. The interests of justice do not require Plaintiff's representation in this case as it is not particularly complex and Plaintiff is able to adequately articulate and present his claims to the Court.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se

1  pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
2  Cir. 1990).
3        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
5  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon
6  which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although
7  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
8  obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
9  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
10  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell*
11  *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint
12  must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

### B.  LEGAL CLAIMS

Plaintiff sues a five dental and medical care providers.  He alleges they incorrectly diagnosed him with an infection in his mouth, broke his jawbone during their extraction of his wisdom teeth, and provided him with pain medication that caused constipation and laxatives that did not satisfactorily address the constipation.  He also alleges another doctor disagreed with the opinion of Defendant Dr. Shin that the cause of bruising and swelling was an autoimmune condition as opposed to complications from the tooth extractions.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson*, 290 F.3d at 1188.  In order for deliberate indifference to be established, therefore, there

1    must be a purposeful act or failure to act on the part of the defendant and resulting harm.

2    *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by*

3    *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Such

4    indifference may appear when prison officials deny, delay or intentionally interfere with medical

5    treatment, or it may be shown in the way in which prison officials provide medical care.  *Id.*

6          Plaintiff's allegations, at most, plausibly suggest negligence, but not deliberate or

7    purposeful disregards of serious risks to his health.  A claim of medical malpractice or negligence

8    is insufficient to make out a violation of the Eighth Amendment.  *Toguchi v. Chung*, 391 F.3d

9    1051, 1060 (9th Cir. 2004).  None of the inadequate care Plaintiff alleges flows from deliberate

10   delay, denial, or interference with proper care for his dental and medical needs.  The allegations

11   show that during the period in question (believe July and November 2002) Plaintiff received

12   multiple examinations, medication, and surgery, he was flown to an outside hospital when his

13   medical needs became emergent, and he was able to communicate his concerns and needs to

14   medical professionals who responded with follow-up and adjustments to his care.  This substantial

15   attention to Plaintiff's medical needs does not, even when liberally construed in Plaintiff's favor,

16   does not reasonably suggest any deliberate or purposeful failure to provide proper care for

17   Plaintiff's dental or medical needs.

18         Plaintiff alleges he did not have an infection in his mouth, and Defendants were wrong in

19   insisting he did.  "A difference of opinion between a prisoner-patient and prison medical

20   authorities regarding treatment does not give rise to a § 1983 claim."  *Franklin v. Oregon*, 662

21   F.2d 1337, 1344 (9th Cir. 1981).  Therefore, the alleged difference of opinion, even if Plaintiff

22   was correct and Defendants were wrong, does not support an inference that Defendants were

23   deliberately indifferent or violated his Eighth Amendment rights so as to support a claim under

24   Section 1983.  Plaintiff makes no allegation suggesting that Defendants deliberately broke his

25   bone or intentionally disregarded a risk of such a break during surgery; to the contrary, Plaintiff

26   specifically alleges that the break was a result of Defendants' "negligence."  (ECF No. 13 at 6 ¶

27   30.)  Plaintiff alleges receiving inadequate pain and constipation medication, but he alleges

28   Defendants made changes to these medications in response to his complaints and does not allege

any specific facts that plausibly suggest any deliberate conduct or disregard of a risk of harm. Lastly, Plaintiff's allegations that that another doctor disagreed with Defendant Dr. Shin about the cause of his bruising and swelling does not establish that Dr. Shin's opinion, even if it was incorrect, amounted to *deliberate* disregard for Plaintiff's needs. *See Toguchi*, 391 F.3d at 1058 (a difference of medical opinion between doctors is insufficient, as a matter of law, to establish deliberate indifference).

Plaintiff's allegations might plausibly support an inference of at worst negligence by Defendants but not of deliberate indifference to his dental or medical needs in violation of the Eighth Amendment. Therefore, Plaintiff's allegations do not state a claim upon which relief may be granted under 42 U.S.C. § 1983 for the violation of federal law.

## CONCLUSION

In light of the foregoing, the case is DISMISSED for failure to state a claim upon which relief may be granted. The motion for appointment of counsel is DENIED. The motion for leave to amend is GRANTED.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 20, 2023

_____
JEFFREY S. WHITE
United States District Judge